UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

 Plaintiff-Respondent,        Case No. 1:08-cr-191

v                 HON. JANET T. NEFF

MATTHEW WOODARD,

 Defendant-Movant.
_____/

**OPINION**

Pending before this Court is Matthew Woodard's pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court on June 3, 2009. For the following reasons, the motion is denied.

**I. BACKGROUND**

Matthew Woodard was charged on August 13, 2008 with the Manufacture of 1,000 or More Marijuana Plants in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii); 18 U.S.C. § 2 (Count I), an offense that carries a mandatory minimum sentence of ten years' imprisonment; and Possession with Intent to Distribute Marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D); 18 U.S.C. § 2 (Count II). On January 14, 2009, Woodard entered a guilty plea before a magistrate judge to the charges against him (Dkt 24). This Court accepted the plea on February 2, 2009 (Dkt 27).

At sentencing on June 3, 2009, the Court calculated an offense level of 26 and a criminal history category of III. The Court departed upward two levels to a criminal history category of V—resulting in a guidelines range of 120–125 months. The Court delineated on the record some

of Woodard's criminal history that was detailed in the presentence report, including nineteen misdemeanors; multiple drug- and theft-related convictions as well as an assault-and-battery conviction; multiple episodes of domestic violence; two incidents of ramming his vehicle into another vehicle; and an incident when Woodard threatened a neighbor in front of police (Dkt 44, Sent. Tr. at 11).

The Court also addressed the 18 U.S.C. § 3553(a) factors and granted an upward variance. With respect to the seriousness of the offense, the Court noted that the "very large amount of marijuana being cultivated"—4,180 plants—placed Woodard's case outside "the heartland" (Dkt 44, Sent. Tr. at 18, 21-22). In discussing the need to afford adequate deterrence and to protect the public from Woodard's further crimes, the Court described Woodard as "a ticking time bomb," "a violent man," "a dangerous guy," and as someone who lacked "any regard really for the law or much of anything except his own needs" (*id.* at 21, 23). The Court sentenced Woodard on Count I to 180 months in prison; 5 years supervised release; a fine of $12,500.00; and a special assessment of $100.00. The Court granted the government's motion to dismiss Count II. Judgment was entered on June 5, 2009 (Dkt 35).

On June 15, 2009, Woodard filed a Notice of Appeal (Dkt 37). On April 21, 2011, the Sixth Circuit Court of Appeals issued its Opinion, affirming this Court's Judgment (Dkt 47). The Court of Appeals determined that Woodard's challenges to the Court's upward departure failed because he could show no impact on his substantial rights and that the Court's consideration of the § 3553(a) factors was "reasoned" (*id.* at 6). The Court of Appeals opined that while Woodard disputed the seriousness of his past crimes and whether they involved violence, his presentence report told a different story (*id.* at 5).

On November 30, 2011, Woodard filed this § 2255 motion, challenging the effectiveness of his attorney's assistance to him at sentencing (Dkt 49). The government filed a response to the motion on February 23, 2012 (Dkt 50), and Woodard filed a reply on March 5, 2012 (Dkt 53).

## II. ANALYSIS

### A. Section 2255 Motion

A prisoner who moves to vacate his sentence under 28 U.S.C. § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, the movant must demonstrate "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States,* 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the movant shows either (1) "cause" excusing his double procedural default and "actual prejudice" resulting from the errors of which he complains, or (2) "actual innocence." *Massaro v. United States,* 538 U.S. 500, 504 (2003); *Bousley v. United States,* 523 U.S. 614, 622 (1998); *United States v. Frady,* 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro,* 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the movant could have raised the claim on direct appeal. *Id.*

In an action to vacate or correct a sentence, a court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the movant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States,* 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999)).

For the reasons stated *infra,* the files and records in this case conclusively show that Woodard is entitled to no relief under 28 U.S.C. § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion.

### B. Ineffective-Assistance-of-Counsel Claim

Woodard makes three arguments in support of his claim that his counsel rendered him ineffective assistance at sentencing. Each argument is reviewed under the two-prong test from *Strickland v. Washington*, 466 U.S. 668 (1984), which the Supreme Court established to evaluate ineffective assistance of counsel claims.

To establish ineffective assistance of counsel, a movant must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant, resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689. The movant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana,* 350 U.S. 91, 101 (1955)).

4

The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. Even if a court determines that counsel's performance was outside that range, the movant is not entitled to relief if he was not prejudiced by counsel's error. *Id.* at 691. To establish prejudice, the movant must show that there is a reasonable probability that, but for the errors of counsel, his sentence would have been different. *Wiggins v. Smith,* 539 U.S. 510, 534 (2003) (quoting *Strickland,* 466 U.S. at 694).

When deciding a claim of ineffective assistance of counsel, a court "need not address both components of the inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States,* 364 F.3d 727, 730 (6th Cir. 2004) (quoting *Strickland,* 466 U.S. at 697). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, ... that course should be followed." *Strickland,* 466 U.S. at 697.

1.  *Preparedness*

Woodard first argues that his counsel was ineffective because counsel was purportedly unprepared to assist him at sentencing (Dkt 49 at 5-19; Dkt 49-1 at 18-21). Specifically, Woodard asserts that his attorney failed to adequately investigate his criminal history, as demonstrated by his attorney's failure to object to the allegations in the Presentence Report and failure to present to this Court certain mitigating facts about his prior bad acts, to wit: Woodard's claims that a domestic violence incident "involved only arguments and loud yelling," and that the incident where he rammed his vehicle into another person's vehicle was only "a game of tag."

In response, the government points out that Woodard did not claim at sentencing that the presentence report was misleading or that the facts included in it were either overstated or wrong

5

(Dkt 50 at 16). Additionally, the government asserts that to the extent Woodard seeks to challenge the Court's upward variance, the variance occurred through no action or inaction of trial counsel, but was based solely upon Woodard's "horrendous" record of anti-social behavior and the conclusions the Court drew from his record (Dkt 50 at 20).

The Court agrees with the government that Woodard's argument does not entitle him to relief under 28 U.S.C. § 2255. The following colloquy occurred at sentencing:

> THE COURT: . . . Mr. Woodard, have you had an opportunity to read the presentence investigation report?
>
> THE DEFENDANT: Yes, I have.
>
> THE COURT: Is there anything about it that you do not understand or about which you still have questions?
>
> THE DEFENDANT: No, Your Honor.
>
> THE COURT: Have you had the opportunity to discuss it with Mr. LaGrand?
>
> THE DEFENDANT: Yes, I have.
>
> THE COURT: Has that opportunity been adequate for your purposes?
>
> THE DEFENDANT: Yes, it has.
>
> THE COURT: . . . Have you been satisfied, Mr. Woodard, with the representation that you have received from Mr. Denenfeld and from Mr. LaGrand?
>
> THE DEFENDANT: Yes, I have.

(Dkt 44, Sent. Tr. at 4-5). Similarly, Woodard did not claim during his allocution that the assaultive conduct that was attributed to him was described in either a misleading or exaggerated manner. Rather, Woodard indicated to the Court, "I just got to man up to it and accept the consequences that I brought upon myself for the actions I took. I just hope for the best. That's about it" (Dkt 44, Sent. Tr. at 15).

In light of the circumstances as they existed at the time of sentencing, the omissions of Woodard's attorney—his failure to object to the allegations in the Presentence Report and his failure to present to this Court the purported mitigating facts now alleged—are not omissions outside the wide range of professionally competent assistance. Even if this Court were to determine that counsel's performance were outside that range, Woodard is not entitled to relief because he has not established a reasonable probability that, but for the errors of counsel, his sentence would have been any different. In sentencing Woodard, this Court relied on not only his criminal history and characteristics but also the need to afford adequate deterrence and to protect the public from his further crimes.

2.  *Upward Departure*

Woodard next argues that his counsel was ineffective in failing to either object to this Court's application of a two-level upward departure or request a delay for more time to address the issue (Dkt 49 at 20-21; Dkt 49-1 at 21-26). As the government points out, Woodard is attempting to argue that his attorney was ineffective for failing to challenge the departure with which the Sixth Circuit found no fault (Dkt 50 at 18). Again, even if this Court were to determine that the omissions upon which Woodard relies are outside the wide range of professionally competent assistance, Woodard is not entitled to relief under § 2255 because he has not established a reasonable probability that, but for the errors of counsel, his sentence would have been any different.

3.  *Relevant Conduct*

Last, Woodard argues that his counsel was ineffective in failing to object to this Court's reliance on factors that he asserts were part of the same course of conduct as his offenses: (1) that he used his friend as a straw man to purchase real estate on his behalf—including the property used

7

for the marijuana-growing operation; and (2) that he pressed his friend to "plead the [F]ifth" when authorities questioned him (Dkt 49 at 22; Dkt 49-1 at 26-28). According to Woodard, had his attorney "objected at sentencing to the Court's use of 'relevant conduct' to impose an upward departure of Movant's Criminal History Catagory [sic] and his Guideline range, there would have been no 'plain-error' review by the Sixth Circuit Court of Appeals and the Sixth Circuit would have reversed Movant's sentence and remanded for resentencing" (Dkt 49-1 at 27).

Again, Woodard's argument simply does not entitle him to relief under 28 U.S.C. § 2255. Even assuming trial counsel was ineffective for failing to object, Woodard was not prejudiced by that failure because he prevailed on this issue on appeal, although the Court of Appeals specifically found that this conclusion entitled him to no relief. The Sixth Circuit held that there was *no* reasonable likelihood that even absent this Court's consideration of the allegedly impermissible factors, this Court would have found that a criminal history of category III adequately captured Woodard's past and that he would have received a more favorable sentence (Dkt 47 at 3-4, citing *United States v. Washburn*, No. 94-6292, 1995 WL 351331, at *2 (6th Cir. June 9, 1995) (per curiam) (reversing the departure where, absent the impermissible factor, no reasoned explanation supported it); *United States v. Williams*, No. 08-6409, 2010 WL 3724594, at *7 (6th Cir. Sept. 13, 2010) (finding "no plausible argument" that the district court would have awarded lower sentence where the district court "varied upward substantially from the higher Guidelines range . . . , clearly evincing the court's belief that even the higher Guidelines range was an insufficient sentence after considering the § 3553(a) factors" (emphasis omitted)).

### III. CERTIFICATE OF APPEALABILITY

Having determined that Woodard's arguments do not merit granting his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him, this Court may also determine whether to issue a certificate of appealability. *See Castro v. United States,* 310 F.3d 900, 901-03 (6th Cir. 2002). A certificate of appealability should issue if the movant has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, a district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standards set forth by the United States Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.* Consequently, this Court has examined Woodard's ineffective-assistance-of-counsel arguments under the *Slack* standard.

To warrant a grant of the certificate, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The Court holds that reasonable jurists could not find this Court's assessment of Woodard's ineffective-assistance-of-counsel arguments either debatable or wrong. Woodard failed to demonstrate that his counsel's performance prejudiced him in any of the ways he claimed. Therefore, the Court denies Woodard a certificate of appealability as to each issue presented.

### IV. CONCLUSION

For the foregoing reasons, this Court denies Woodard's § 2255 motion and denies a certificate of appealability as to each issue asserted.

An Order consistent with this Opinion will be entered.


Date: October 15, 2012                              /s/ Janet T. Neff
                                                   JANET T. NEFF
                                                   United States District Judge